UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TUNC URAZ
    Petitioner,

vs

FREDEANE ARTIS (Warden)
    Defendant,
_____/

LC No. 16-1064-FH
    16-1064-FC
M.COA No. 343695/96
M.SC. No. 165560/61

Case: 4:25-cv-10608
Assigned To : Kumar, Shalina D.
Referral Judge: Grand, David R.
Assign. Date : 3/5/2025
Description: HC TUNC URAZ V
FREDEANE ARTIS (SS)

PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING
AND RELIEF UNDER REMMER VS UNITED STATES
DUE TO JUROR BIAS AND JUROR CONFLICTING IDENTIFICATION

COMES NOW, the Petitioner, Tunc Uraz, in pro per, and respectfully moves this Honorable Court to investigate and grant appropriate relief due to evidence of juror bias and the presence of conflicting identities among jurors, in violation of the Petitioner's Sixth Amendment Right to a fair trial. In support thereof, the Petitioner states the following:

INTRODUCTION

The integrity of the judicial process is compromised when juror partiality is called into question. Evidence has emerged suggesting that Juror #1 Larry Nishon, displayed a bias during the trial proceedings, which was never adequately investigated after being brought to the attention of the trial court, and Juror #2 Ryan Gibbs Petty, A.K.A Ryan Gibbs Carter who held conflicting identities which compromised the integrity of the juror voir dire, and likely influenced the jury panel, impaired their ability to render an impartial verdict, and impeded the ability of trial counsel to provide a valid basis to challenge these jurors for cause.

This motion seeks appropriate relief, including an evidentiary hearing to address these violations of Petitioner's constitutional rights.

## LEGAL STANDARD

The Sixth Amendment guarantees the right to an impartial jury. In <u>Remmer vs United States</u>, 347 US 227 (1954), the Supreme Court held that any private communication, tampering, or external influence on a juror is presumptively prejudicial. Once the presumption is triggered, the burden shifts to the government to prove beyond a reasonable doubt that the influence is harmless.

## PROCEDURAL HISTORY

The procedural history pertaining to this instant motion can be found in the accompanying Petition for Writ of Habeas Corpus.

## RELEVANT FACTS

During the juror voir dire, the jurors were asked about potential bias' and affiliations. Juror Larry Nishon indicated that he had "no" personal bias' which would impede his ability to render an impartial verdict. Ryan Gibbs Petty, aka Ryan Gibbs Carter omitted relevant information about his true identity both on his juror application and concealed facts about himself during voir dire.

## ARGUMENT

As argued in Issue II and Issue III of Petitioner's petition for writ of habeas corpus, Petitioner contends that the facts and evidence presented therein, justify the need for further inquiry into the matter.

## JUROR #1 LARRY NISHON

On the third day of trial, Larry Nishon, after discovering that Petitioner was of Turkish decent, informed the trial court that he had

2

an actual bias towards Turkish people and that he felt that this bias could impede his ability to render an impartial verdict.

This juror's bias went without any inquiry by the trial court or questioning by trial counsel in order to vet out and/or discover if this bias had any influence on the rest of the jurors, thus violating Petitioner's Sixth Amendment Rights.

Juror Nishon indicated a clear bias contrary to his answers during the juror voir dire which compromised the integrity of the proceedings as described in the attached petition. This conduct directly contravenes the fundamental requirement that jurors answer voir dire questions honestly and remain neutral and free from prejudice throughout the proceedings.

JUROR #2 RYAN GIBBS PETTY aka RYAN GIBBS CARTER

Post trial, it came to light through a private investigation, that Ryan Gibbs Petty failed to disclose that he had been using different last names throughout the years which indicated voter fraud, hidden bankruptcy, mis-identification during traffic violations and 5 different driver's licenses to which it appears he used at his convenience. The investigation also indicates that at the time of Petitioner's trial, his name was actually Ryan Gibbs Carter.

Juror Petty aka Carter's conflicting identities compromised the integrity of the voir dire and impartiality. These conflicting identities and dishonesty has rendered his partiality highly questionable under the standards articulated in Remmer and subsequent law. Creating an appearance of impropriety and a substantial risk of bias. (It should be noted that this Juror was the Jury Foreman).

Evidence supporting these claims can be found in Petitioner's petition

3

and is partially part of the record.

THE PRESUMPTION OF PREJUDICE

Under Remmer, the conduct of these two jurors is presumptively prejudicial. The burden should now rest on the government to demonstrate that these misconducts, as well as the trial courts refusal to hold a proper inquiry did not effect the fairness and integrity of the trial, verdict and appeal processes. Absent clear and convincing evidence to the contrary, the Petitioner is entitled to relief.

RELIEF REQUESTED

1. Conduct and evidentiary hearing to investigate the claims of juror bias and conflicting identities.

2. Provide any additional relief deemed appropriate to protect Petitioner's constitutional rights.

Dated: 02, 12, 2025

Respectfully Submitted

*/s/ Tunc Uraz/*

Tunc Uraz #114653 In pro per
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, Mich. 48446

VERIFICATION

I Tunc Uraz, Petitioner in pro per, does hereby declare that all statements and information contained herein is true to the best of my information and knowledge.

*/s/ Tunc Uraz/*

Tunc Uraz #114653
Petitioner in Pro Per

4