STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff,

vs                           CASE NO:   16-1064-FH
                                        16-1065-FC

TUNC URAZ,

Defendant.
_____/

HONORABLE CLINTON CANADY, III, CIRCUIT JUDGE
LANSING, MICHIGAN -- THURSDAY, MARCH 8, 2017

PRETRIAL

APPEARANCES:

FOR THE PEOPLE

WILLIAM O. CRINO, JD
CHAZ T. ROOP, JD
Assistant Prosecuting Attorney
Prosecuting Attorney's Office
313 W. Kalamazoo
Grady Porter Building
Lansing, Michigan 48933

FOR THE DEFENDANT

MICHAEL NICHOLS
3452 E. Lake Lansing Road
East Lansing, MI 48823

JACOB PERRONE, JD
PERRONE LAW, PC
221 W. Lake Lansing Road, Ste. 200
East Lansing, MI 48823

Reported by:  Teresa J. Abraham, CSR-3445
Phone   (517) 483-6404   e-Mail: tjabraham@msn.com

2

I N D E X

WITNESSES:

None.

EXHIBITS:

Exhibit #     Description     Received

None.

Lansing, Michigan

March 8, 2017

at about 11:42 a.m.

*********

MS. SHEPPARD:  We are on the record in the matter of People versus Tunc Uraz, 1064-FH and 11065-FC.  We have Mr. Koop here.  Mr. Perrone is here on the 64 case.  Mr. Nichols is on the 65 case.  You are Tunc Uraz, sir?

THE DEFENDANT:  Yes, sir, Your Honor.

THE COURT:  Today is the day set for the final pretrial.  What are we doing today?

MR. NICHOLS:  Mr. Koop and Mr. Perrone and I have talked about some additional sentencing considerations, issues related to scoring on the guidelines, certain stipulations, if Mr. Uraz were to plea.  Mr. Perrone and I both communicated that to Mr. Uraz this morning.

I have two things that I would like to communicate the Court with.  I would like Mr. Uraz to have another week to make an informed rational decision, well thought out, in light of what we've discussed this morning, in an attempt to communicate to him.  I wanted to communicate and make sure, absolutely, that Mr. Uraz

understands the sentencing guideline if he is convicted on all counts, both files. Five total. Three on the 65, two on the 64, compared to the sentencing guidelines and considerations that we have discussed on the record if he were to avail himself of the plea. That's aspect number one, Your Honor.

THE COURT: Mr. Perrone?

MR. PERRONE: That's accurate. At this point in time I think it would significantly benefit Mr. Uraz in potentially the Court additional time to review this with him.

THE COURT: Why don't we place on the record what the plea proposal is, Mr. Koop?

MR. KOOP: The plea proposal is that the Defendant plead guilty to one count of solicitation of murder. And the People would dismiss the balance of the charges in that file. And then also dismiss the balance in full of the aggravated stalking file that Mr. Perrone is on, solicitation of murder case.

The sentencing agreement on the solicitation of murder case, under the Killebrew agreement, on the A grid, he would be sentenced to cell B-3, 81 to 135. There is also a Cobb's

of 96 months.

THE COURT: So without the sentencing agreement to a C-3 on the A grid, what would the guidelines be?

MR. KOOP: Under the plea?

THE COURT: Under the plea.

MR. KOOP: Without the sentencing agreement, I think he would be at 135 to 225.

MR. NICHOLS: I concur. I've scored it.

THE COURT: I mean, was there something else to discuss? Either he is or he isn't. Today is the day for the final pretrial. There is no request for reduced charges. So that is within the Court's policy. So, I guess, the question is, does he want to avail himself of the sentencing agreement or the Cobb's agreement. That's how I see it. I don't know why it's necessary to delay.

MR. PERRONE: I can't think of very many cases in 17 years of practice that has been as unique as this one, with a gentleman of this background coming into -- let's say the criminal conduct that I think started somewhere around 2016, and the new allegations, not only the uniqueness of this individual, but the cases, the nature of the offense, the relationship with the

alleged victim. And solicitation of murder is also somewhat unique. We have come up with some unique guidelines approach to try to accommodate what we think could be the best-case scenario for Mr. Uraz if he were to plea, and then come before the Court for sentencing.

I guess the, you know, the colloquial way to put it, this is a guy who, you know, has never been in trouble before until last year. I think it was last summer when all that occurred that he was sentenced by the Court for in October of 2016. In explaining this to him, making sure he understands all of the ramifications, we have also talked about his citizenship, consequences with dual citizenship, issues like renouncing his American citizenship. When he does that to see if ICE, Immigration Customs Enforcement, comes and gets him to transfer him to Turkey to spend his time where he would be closer to his 11 year old son in ANCA(ph), Turkey. It is a unique representation to the Court in this case. My relationship with Mr. Uraz and his family is unique.

So I'm asking for a week. It's a life offense, a capital crime. Now, as of last week,

we have learned it is two aggravated stalking counts, the underlying conduct of which is going to be heard by the same jury, as the jury that tries him on the solicitation, you know. That's the dynamics that he needs to understand as well.

I think there are enough things. I appreciate the Court's policy, the reason for it. People either make the decision to go to trial, take their chance. I get that. I appreciate it, that policy. I'm just asking for this particular Court, because of these developments and dynamics, to consider that.

THE COURT: Does anybody have anything else they wish to add?

MR. KOOP: No, Your Honor. Thank you.

THE COURT: Okay. It appears that there was a modification on the Prosecutor's side to a C-3. There has not -- there was a slight modification on the Cobb's agreement. The Court indicated that the Cobb's agreement would be a cap of 96 months rather, that's fixed at 96 months, which I guess would leave some room for consideration, something less than 96 months. It's a capital offense. So it's a very serious matter. The Court will adjourn it one week until

the 15th.

We will adjourn two weeks to the 27th. We don't have much on that day. Adjourn two weeks to March 22nd. That will be the final pretrial on March 22nd.

MR. KOOP: Thank you, Your Honor.

MR. PERRONE: 10:00 a.m?

THE COURT: 10:00.

(Proceedings concluded at 2:12 p.m.)

STATE OF MICHIGAN          )

COUNTY OF INGHAM           )

I, TERESA J. ABRAHAM, Certified Shorthand Reporter in and for the County of Ingham, State of Michigan, Thirtieth Judicial Circuit Court, do hereby certify that the facts stated in the foregoing pages are true and correct, and comprise a complete, true and correct transcript of the proceedings taken in this matter on this the 8th day of March, 2017.

_____

Teresa J. Abraham, CSR-3445

Date:   June 19, 2018