STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

PEOPLE OF THE STATE OF MICHIGAN,

                    Plaintiff,

vs.                CASE NO:  16-1064-FH
                           16-1065-FH

TUNC URAZ,

                    Defendant.
_____/

HONORABLE CLINTON CANADY, III, CIRCUIT JUDGE
LANSING, MICHIGAN -- TUESDAY, DECEMBER 12, 2017

OUT-OF-COURT CONFERENCE

APPEARANCES:

FOR THE PEOPLE:

WILLIAM O. CRINO, JD
CHAZ T. KOOP, JD
Assistant Prosecuting Attorney
Prosecuting Attorney's Office
313 W. Kalamazoo
Grady Porter Building
Lansing, Michigan 48933


FOR THE DEFENDANT:

JACOB PERRONE, JD
Perrone Law, PC
221 W. Lake Lansing Road, Ste. 200
East Lansing, MI 48823

ERIC SCHROEDER, JD
BODWIN & ASSOCIATES PC
2970 E. Lake Lansing Rd.
East Lansing, MI 48823-7415


Reported by:  Teresa J. Abraham, CSR-3445
Phone:  (517) 483-6404   e-Mail: tjabraham@msn.com

RECEIVED by MCOA 3/4/2020 8:49:04 AM

I N D E X

WITNESSES:

None.

EXHIBITS:

Exhibit #      Description      Received

None.

RECEIVED by MCOA 3/4/2020 8:49:04 AM

3

Lansing, Michigan

December 12, 2017

at about 10:05 a.m.

********

THE COURT:  Before we start, I really wanted to put it on the record, but I didn't want it necessarily to have to be in the courtroom.

So we're going to call this.  This is the matter of People v Tunc Uraz, dockets 1064 and 1065.  This is a meeting that's taking place, post-conviction by a jury, but prior to the sentencing, which is scheduled on December 20th. A request for a meeting has been made.

I would ask the people present to please identify themselves.

MR. ROTH:  Johnathon Roth.

MR. KOOP:  Chaz Koop.

MR. SCHROEDER:  Eric Schroeder.

MR. HERNANDEZ:  Nick Hernandez.

MR. PERRONE:  Jacob Perrone on behalf of Tunc Uraz.

THE COURT:  And Sherri Smith, my Clerk is here and the Court Reporter.

MR. ROTH:  Before we start, you're okay waiving your client's presence?

RECEIVED by MCOA 3/4/2020 8:49:04 AM

4

MR. PERRONE:  Yes.  I have spoken to my client in regards to what's happening here.

THE COURT:  Okay.  All right.

MR. PERRONE:  I don't think that there's a necessity to appoint another attorney at this point in time.  I think it would realistically have a negative effect.  My client, at this point in time, intends to utilize my services through the sentencing, based upon the conversations I've had with him.

THE COURT:  Okay.  I don't have any issue with that.  I mean, the issue that came up due to the question of when your availability was going to be present at the time.  I suggested that we needed to appoint someone in the event that that was necessary so that they would have some time to prepare for sentencing.  But if you don't have an availability issue, I don't have any problem with you continuing.

MR. PERRONE:  I do not.

THE COURT:  All right.

MR. ROTH:  We do.

THE COURT:  Okay.

MR. ROTH:  Based upon information and belief, the Chief Judge is aware of some ongoing

RECEIVED by MCOA 3/4/2020 8:49:04 AM

5

issues.  I believe the State Bar may be aware of some ongoing issues.  Mr. Perrone has been removed from some other cases in this County recently.  We don't think it would be appropriate for him to continue with representation in this case.

THE COURT:  Well, you have to sort of enumerate why you feel that would be the case.  I mean, I know the Chief Judge is aware of some things.  So, I don't know.  I guess the question is, what is Mr. Perrone's status currently?  And it would seem that if he is like certified, clear to go, that that would be up to Mr. Uraz, I think, to lay out those options for him.

So we might have to come back tomorrow and have Mr. Uraz brought over so that we can make a record, if that's what Mr. Uraz wants to do.  I guess I don't have any difficulties with it. Okay?

MR. PERRONE:  I would not have a problem with that.

THE COURT:  All right.

One of the concerns I do have, though, is in light of the timing of your health situation, did that have an impact or effect on your representation for Mr. Uraz during the trial?

RECEIVED by MCOA 3/4/2020 8:49:04 AM

MR. PERRONE: No.

THE COURT: Well, I know that's your opinion. I'm just saying --

MR. PERRONE: The record speaks for itself.

THE COURT: Well, I don't want this case to be coming back because someone later, suppose you aren't the appellate counsel, all right, looks at it and raises the issue of what was your status at the time of the trial. I'm just being realistic here.

And even though you have indicated that Mr. Uraz wants you to continue, which is his right, so if we make that record, okay. But I would think at some point that might be an issue.

MR. PERRONE: I discussed with Mr. Uraz the propriety of any ineffective assistance of counsel arguments as it pertains to the appellate issues and deferred to the appropriate appellate counsel on those issues, and told him, quite frankly, if he would intend to go down that road, that he would have that ability.

Now, frankly, based upon my review, it doesn't appear that that's going to be a very good argument, given the record that was established over the two weeks in this trial.

RECEIVED by MCOA 3/4/2020 8:49:04 AM

So I anticipate, based upon my conversations with Mr. Uraz, that he would intend to move forward.

For purposes of the record, I did have a family situation that was addressed. I am bipolar. At this point in time I'm appropriately medicated. Some of the most successful and highly intelligent people in society have symptoms of bipolar.

THE COURT: Well, I don't have any bias against that. I guess the question is, were you properly medicated during the trial. I can see that being an issue somewhere down the road.

MR. PERRONE: I was not having an active episode at the time during the trial, and the record speaks for itself. Everyone is entitled to a defense. I understand --

THE COURT: Well, I would agree the record speaks for itself, but I'm just raising the issue now.

The other issue is that one of your associates was insisting that we provide the transcripts prior to the time of claim of appeal being filed. We don't do that. You have to file your claim of appeal, which entitles Mr. Uraz to

RECEIVED by MCOA 3/4/2020 8:49:04 AM

the transcripts. Somebody was insistent on that, kept arguing with us, you were out at that time, convalescing. And we continually indicated that the right to the transcripts arises upon the claim of appeal being filed. We weren't going to do it before.

MR. PERRONE: Again, I intend to respect the process, anticipating that it may be a viable attempt to get the transcripts for preservation purposes. But, again, I'll defer to the record.

THE COURT: Well, you're always eligible. And I think it was communicated to your associates you can buy the transcripts and preserve it. But if you want the County to pay for it, it has to arise only upon Mr. Uraz executing his appellate rights form. We are prepared to do that, so that it's clear, once it becomes an issue.

We are going to have to bring Mr. Uraz over, make a separate record, make sure he is informed on these issues, and we will go from there.

MR. PERRONE: Do you know what you have available tomorrow?

THE COURT: Later on, why don't we say, 11:30? Anything else?

RECEIVED by MCOA 3/4/2020 8:49:04 AM

9

MR. ROTH:  Not at this time.

THE COURT:  Anything else?

MR. PERRONE:  Nothing further.

THE COURT:  All right.  So we'll have Mr. Uraz brought over tomorrow.

(Proceedings concluded at 10:18 a.m.)

RECEIVED by MCOA 3/4/2020 8:49:04 AM

STATE OF MICHIGAN )

COUNTY OF INGHAM )

I, TERESA J. ABRAHAM, Certified Shorthand Reporter in and for the County of Ingham, State of Michigan, Thirtieth Judicial Circuit Court, do hereby certify that the facts stated in the foregoing pages are true and correct, and comprise a complete, true and correct transcript of the proceedings taken in this matter on this the 12th day of December, 2017.

_____

Teresa J. Abraham, CSR-3445

Date:  September 7, 2018

RECEIVED by MCOA 3/4/2020 8:49:04 AM