STATE OF MICHIGAN

# IN THE 30TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF INGHAM

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff,

v

TUNC URAZ,

          Defendant.

Case No. 16-1064-FH; 16-1065-FC

**HON. ROSEMARIE E. AQUILINA**

**ORDER DENYING MOTION
FOR EVIDENTIARY HEARING
AND NEW TRIAL**

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING AND NEW TRIAL

At a session of said Court held at the Courthouse
In the City of Lansing, County of Ingham, State of Michigan
Thursday, July 13, 2023:

### PRESENT: THE HONORABLE ROSEMARIE E. AQUILINA

On June 30, 2023, Defendant, TUNC URAZ, filed an evidentiary motion to allow a private investigator to contact former jurors and to be granted a new trial. On November 9, 2017, Defendant was convicted of one count of Aggravated Stalking and three counts of Homicide – Solicitation of Murder. On January 24, 2018, Defendant was sentenced to 36 months to 90 months with credit for 453 days served. Defendant's earliest possible release date is July 9, 2033.

In his motion, Defendant makes several arguments that this Court does not find persuasive. First, Defendant claims that, in his trial, Juror #2 committed perjury by using a married last name rather than his birth last name and that this discrepancy denied Defendant a fair trial. As stated in Defendant's Motion, the standard for juror misrepresentation in voir dire is "it is proper and

1

appropriate to grant a new trial when affidavits or testimony are presented confirming that matters have been falsely denied or concealed on voir dire, if these matters would establish the juror's incompetency or disqualification or would lead the parties to challenge him or her and if the affidavits are not proffered to show misconduct of a juror or jury for the purpose of impeaching their verdict. *People v Graham*, 84 Mich App 663, 666-667 (1978). The allegation that Juror #2 used a married last name is insufficient to demonstrate incompetency or disqualification.

Defendant also claims that Juror #1 prejudiced the jury against Defendant when he indicated that he was racists against Turkish people. Defendant alleges that Juror #1 was dismissed before deliberations began, but Defendant also claims that Juror #1 spread those racist beliefs to the rest of the jury over the course of his tenure as a juror. The motion alleges that this Court did not dismiss Juror #1 immediately to prevent "a stampede with other jurors." Ultimately, Defendant's argument is not persuasive. Defendant fails to articulate any evidence that Juror #1 spread racist beliefs to the remainder of the jury and fails to account for that fact that jurors are unable to discuss the case prior to deliberations. As such, Defendant has failed to persuade this Court that Juror #1 tainted the jury.

Finally, Defendant claims that Juror #11 was seen talking to one of the parties' mother on the first day of jury selection. Defendant alleges that when this issue was raised, Judge Canady responded, "[a]nybody can come in and sit; I cannot exclude anyone sitting in the courtroom during jury selection." The mother was not listed as a witness and was therefore free to sit in the courtroom and view the trial. There is no evidence presented that Juror #11 was tainted by this alleged interaction. Therefore Defendant's argument is not persuasive.

Ultimately, Defendant's motion must fail because he has failed to provide any persuasive legal argument to support his motion. Unfortunately, "a party may not leave it to this Court to

2

search for authority to sustain or reject its position." *Leitch v Switchenko*, 169 Mich App 761, 764 (1988). In other words, it is not the duty of this Court to find case law, statutory authority, or factual justifications to satisfy Defendant's motion. As such, Defendant's motion for Evidentiary Hearing and New Trial must be **DENIED** because Defendant failed to state a claim for relief which may be granted.

**NOW THEREFORE, IT IS ORDERED:** Defendant's motion for Evidentiary Hearing and New Trial shall be **DENIED** for the reasons stated above.

**IT IS SO ORDERED.**

Dated: 17 Aug 23

HON. ROSEMARIE E. AQUILINA
30th Circuit Court Judge

3