UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TUNC URAZ,

Petitioner,

v.

FREDEANE ARTIS,

Respondent.

Case No. 25-cv-10608
Honorable Shalina D. Kumar
United States District Judge

**OPINION AND ORDER DENYING MOTION FOR EVIDENTIARY HEARING (ECF NO. 3)**

This is a habeas action brought by Michigan prisoner, Tunc Uraz, under 28 U.S.C. § 2254. Before the Court is Uraz's motion for an evidentiary hearing to develop two of his claims related to the denial of his right to an impartial jury. ECF No. 3. For the reasons stated below, the Court will deny the motion without prejudice.

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a

federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id*. If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id*.

Under the provisions of the Antiterrorism and Effective Death Penalty Act, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

Uraz's motion for an evidentiary hearing is premature. It is evident from these standards that a federal district court must refer to the entire record in order to determine whether it is appropriate to grant an evidentiary hearing in a habeas corpus case. Respondent only filed the Rule 5 materials in this case on September 8, 2025. Accordingly, Uraz's

motion is denied without prejudice at this time. Following review of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Uraz's claims. He need not file any further motions regarding this issue.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 9, 2025