UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TUNC URAZ,<br>Petitioner,<br><br>v.<br><br>FREDEANE ARTIS,<br>Respondent. | Case No. 25-cv-10608<br>Honorable Shalina D. Kumar<br>Mag. Judge David R. Grand |

**ORDER DENYING MOTIONS FOR AN EVIDENTIARY HEARING (ECF NOS. 15, 16)**

Before the Court are Petitioner Tunc Uraz's motions for an evidentiary hearing. For the reasons stated below, the motions are denied without prejudice.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that

can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

Petitioner previously filed a motion for an evidentiary hearing which was denied without prejudice. (ECF No. 11). The Court denies the current motions for the same reason. The motions for an evidentiary hearing will be denied without prejudice because the Court has not yet reviewed the answer or the state court record that was received from respondent. Without reviewing these materials or Petitioner's habeas application, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. Following review of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motions for an evidentiary hearing (ECF Nos. 15, 16).

**IT IS SO ORDERED.**

s/Shalina D. Kumar
Shalina D. Kumar
United States District Judge

Dated: August 27, 2026